# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JANE DOE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FRANCIS HOWELL SCHOOL DISTRICT, ) <br> et al., ) <br> ) <br> Defendants. ) | No. 4:17-cv-01301-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Francis Howell School District, Pam Sloan, Steve Griggs, Nancy Wade, William Vanderpool, and Kathryn Greer's motions to dismiss (Doc. 21); Defendant Patrick Fitzgerald's motion to dismiss, to strike, or for more definite statement (Doc. 19); and Defendant Patrick Fitzgerald's second motion to dismiss (Doc. 31). The motions are fully briefed and ready for disposition.

## BACKGROUND

On April 12, 2017, Plaintiff Jane Doe, a high school student, filed a complaint asserting violations of Title IX and 28 U.S.C. § 1983 arising out of a sexual assault on school grounds and the subsequent investigation conducted by Defendant Francis Howell School District ("School District"), Defendants Pam Sloan, Steve Griggs, Nancy Wade, William Vanderpool, and Kathryn Greer ("individual District Defendants"), and Defendant Officer Patrick Fitzgerald. Defendants filed the motions to dismiss presently before the Court.

Plaintiff did not respond to the motions. Instead, on July 21, 2017, she requested leave

from the Court to file an amended complaint. (Doc. 26). The School District and the individual District Defendants opposed the motion. (Doc. 28). On July 25, 2017, the Court granted Plaintiff's motion to amend but, as requested by Defendants, ordered that the previously-filed motions to dismiss would apply to the first amended complaint. (Doc. 29). Plaintiff filed an opposition to the motion to dismiss jointly filed by the School District and the individual District Defendants, and those Defendants filed a reply. Plaintiff did not file any opposition to Defendant Fitzgerald's motion to dismiss, to strike, or, in the alternative, for more definite statement, which prompted Defendant Fitzgerald to file a subsequent motion to dismiss based on Plaintiff's failure to comply with the Court's order. (Doc. 31). Plaintiff did not respond to that motion.

Plaintiff's amended complaint consists of four counts. Count I, directed at the School District only, asserts a violation of Title IX based on its deliberate indifference to the alleged sexual assault. Count II, also directed at the School District only, claims that the School District retaliated against Plaintiff by declining to investigate the assault or comply with state reporting requirements, in violation of Title IX. Count III asserts § 1983 violations against all Defendants, and Count IV asserts *Monell* liability against all Defendants for failure to train and supervise.[1]

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,' " meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] Count IV is titled "*Monell* Liability for failure to train and supervise as to response to sexual assault as to Defendant [sic]" and thereafter refers to all named Defendants.

The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.* at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). Ultimately, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## DISCUSSION

### I. Violation of Title IX – Student-on-Student Harassment (Count I) (Defendant School District)

Title IX provides in pertinent part that:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . .

20 U.S.C. § 1681(a).

In *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 653 (1999), the United States Supreme Court held that recipients of federal funding, such as the School District, may be liable under Title IX for student-on-student sexual harassment. The Court held that a plaintiff bringing a Title IX claim against a recipient of federal funding based on student-on-student harassment is required to establish the following elements: (1) the funding recipient had actual knowledge of the sexual harassment; (2) the funding recipient was deliberately indifferent to the sexual harassment and the harasser is under the funding recipient's disciplinary authority, and (3) the harassment was "so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." *Davis*, 526 U.S. at 633.

In a Title IX case against a school, a plaintiff must allege that the response to his or her

3

complaint constituted deliberate indifference to the allegations of discrimination. In other words, "a plaintiff in a Title IX case may not recover against a school district without first showing that a district official with the authority to address the complained-of conduct and take corrective action had actual notice of the harassing behavior and failed adequately to respond. *Kinman v. Omaha Pub. Sch. Dist.*, 171 F.3d 607, 610 (8th Cir. 1999) (citing *Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 290 (1998)).

The Eighth Circuit recently addressed Title IX student-on-student harassment claims in *K.T. v. Culver-Stockton College*, 865 F.3d 1054 (8th Cir. 2017). There, the plaintiff alleged that the defendant college was deliberately indifferent by failing to adopt practices to prevent sexual assault and also failing to investigate and offer medical services to the plaintiff after it received reports of the alleged incident. *Id.* at 1058. The Eighth Circuit held that the complaint identified no causal nexus between the college's inaction and the plaintiff's experiencing sexual harassment, concluding that "while [the plaintiff] was dissatisfied with [the college's] response, based on the allegations in the complaint the response cannot be characterized as deliberate indifference *that caused the assault.*" *Id.* (emphasis in the original). As a result, the Eighth Circuit upheld the district court's dismissal of the complaint for failure to adequately plead deliberate indifference.

Similarly here, Plaintiff's amended complaint fails to establish that the School District's conduct *prior to the assault* caused Plaintiff to undergo harassment or make her vulnerable to it. Instead, she merely pleads that the School District's lack of policies and procedures resulted in Plaintiff being subjected to a hostile educational environment and that it failed to properly investigate her claims using Title IX protocols. (Am. Compl. at ¶ 1120). However, like the plaintiff in *K.T.*, Plaintiff's mere dissatisfaction with the School District's response fails to

4

establish that the school's deliberate indifference caused the assault.

Moreover, Plaintiff did not plausibly plead actual knowledge on the part of the School District. "[T]he actual knowledge element requires schools to have more than after-the-fact notice of a single instance in which the plaintiff experienced sexual assault." *K.T.*, 865 F.3d at 1058 (citing *Plamp v. Mitchell Sch. Dist. No. 17-2*, 565 F.3d 450, 454 (8th Cir. 2009) (no actual knowledge of discrimination where a high schooler's parents "immediately reported" a teacher's sexual harassment of the student)). "Rather, a plaintiff must allege that the funding recipient had *prior notice* of a substantial risk of peer harassment 'in the recipient's programs.' " *Id.* (citing *Gebster v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)). Again, Plaintiff's amended complaint lacks any assertion that the school district knew prior to the alleged assault that she was at risk of sexual assault. Therefore, she failed to plausibly allege that the school district had actual knowledge of discrimination within the meaning of a Title IX peer harassment claim.

Plaintiff failed to properly plead deliberate indifference by the School District prior to the alleged assault and actual knowledge on the part of the School District, thereby failing to state a claim for which relief may be granted under Title IX. Accordingly, Count I will be dismissed.

**II.     Violation of Title IX – Retaliation (Count II) (Defendant School District)**

Title IX broadly prohibits a funding recipient from subjecting any person to discrimination on the basis of sex. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173, 125 S. Ct. 1497, 1504, 161 L. Ed. 2d 361 (2005). To plead a prima facie case of retaliation, the plaintiff must allege that: (1) she engaged in a protected activity; (2) the federally-funded recipient took an adverse action against her; and (3) the adverse action was causally linked to the protected activity. *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 831 (8th Cir. 2002).

5

The amended complaint provides that immediately after Plaintiff advised her counselor of the sexual assault, the counselor informed the other Defendants, including Defendant Fitzgerald, who then threatened to seek criminal charges against Plaintiff for filing a false report. (Am. Compl. at ¶ 120). Plaintiff alleges that all Defendants retaliated against Plaintiff by declining to investigate the assault or complying with their reporting responsibilities under Title IX.

In light of the elements set forth in *Thorn*, it appears Plaintiff failed to properly plead the elements required to state a claim for retaliation under Title IX. Specifically, the Court cannot discern the protected activity in which Plaintiff was engaged that then resulted in an adverse action against her or how the adverse action was causally linked to the protected activity. Count II will be dismissed.

### III. Violations of 42 U.S.C. § 1983 (Counts III and IV) (all Defendants)

To state a § 1983 claim, a plaintiff must plead "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). A school district may be considered a "person" for purposes of § 1983 liability. *Keckeisen v. Indep. Sch. Dist.*, 509 F.2d 1062, 1065 (8th Cir.1975). A school district's employees are also "persons" under § 1983 and may be subject to suit in both their individual and official capacities as follows:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense.

6

*Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted).

"To establish municipal liability under § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official 'policy or custom' and that such 'policy of custom' was the moving force behind plaintiff's injury." *M.Y., ex rel., J.Y. v. Special Sch. Dist. No. 1*, 544 F.3d 885, 890 (8th Cir. 2008) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694–695 (1978). Moreover, "[a] school district can be liable for civil-rights violations under § 1983 either for failing to receive, investigate, and act upon complaints of unconstitutional conduct or for failing to train its employees to prevent or terminate unconstitutional conduct." *Plamp*, 565 F.3d at 459.

"[T]he Equal Protection Clause requires that the government treat such similarly situated persons alike." *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (citations omitted). To state a prima facie claim for violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that: (1) she is otherwise similarly situated to members of the unprotected class; (2) she was treated differently from members of the unprotected class; and (3) the defendant acted with discriminatory intent. *Greer v. Amesqua*, 212 F.3d 358, 370 (8th Cir. 2000).

Here, Plaintiff claims that the School District is liable under § 1983 based on its allegedly unconstitutional customs or policies of failing to investigate evidence of tortious misconduct and failing to adequately train and supervise School District employees. (*Id.* at ¶ 126). She pleads that these policies or practices violated her right to equal protection under the Fourteenth Amendment and the Missouri Constitution, constituted disparate treatment of females, and had a disparate impact on female students. (*Id.* at ¶ 128). As to the individual Defendants, she claims that their failure to train and supervise resulted in a violation of Plaintiff's right to equal access to

7

an educational environment free from harassment and discrimination. (*Id.* at ¶ 135).

However, Plaintiff fails to plead the elements required to state a violation of the Equal Protection Clause, including that she was treated differently from similarly situated members of an unprotected class or that Defendants acted with an intent to discriminate against Plaintiff based on her gender. *See Washington v. Davis*, 426 U.S. 229, 239 (1976); *Herts v. Smith*, 345 F.3d 581 (8th Cir. 2003). Plaintiff fails to so plead in her amended complaint, thereby failing to state a claim under §1983.

In light of the foregoing, Counts III and IV will be dismissed without prejudice with leave to refile.[2] As a result, the Court will not at this time reach the arguments concerning qualified immunity advanced by Defendants. As to Defendant Fitzgerald's motion to dismiss based on Plaintiff's failure to comply with a Court order, that motion will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Francis Howell School District, Pam Sloan, Steve Griggs, Nancy Wade, William Vanderpool, and Kathryn Greer's motion to dismiss (Doc. 21) is **GRANTED**. Counts I and II are dismissed without prejudice. The Court grants Plaintiff leave to amend Counts III and IV on or before **December 6, 2017.**

**IT IS FURTHER ORDERED** that Defendant Patrick Fitzgerald's motion to dismiss, to strike, or for more definite statement (Doc. 19) is **DENIED AS MOOT.**

---

[2] In Defendant Fitzgerald's motion to dismiss, he opines that Plaintiff may be raising a violation of her substantive due process right to be free from bodily injury protected by the Fourteenth Amendment. (Doc. 20 at 7). The Court finds that such a claim is not adequately pled under Federal Rule of Civil Procedure 8. To the extent Plaintiff is attempting to assert such a claim, she must so clearly plead.

8

**IT IS FINALLY ORDERED** that Defendant Fitzgerald's motion to dismiss (Doc. 31) is **DENIED.**

                                                _____
                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE

Dated this 22nd day of November, 2017.