| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-01301-JAR |
| | ) | |
| FRANCIS HOWELL SCHOOL DISTRICT, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Francis Howell School District, Pam Sloan, Steve Griggs, Nancy Wade, William Vanderpool, and Kathryn Greer's second motion to dismiss (Doc. No. 46) and Defendant Patrick Fitzgerald's second motion to dismiss (Doc. No. 48). The motions are fully briefed and ready for disposition.

## BACKGROUND

On April 12, 2017, Plaintiff Jane Doe, a high school student, filed a complaint through counsel asserting violations of Title IX and 28 U.S.C. § 1983 arising out of a sexual assault on school grounds and the subsequent investigation conducted by Defendant Francis Howell School District ("School District"), Defendants Pam Sloan, Steve Griggs, Nancy Wade, William Vanderpool, and Kathryn Greer ("individual District Defendants"), and Defendant Officer Patrick Fitzgerald. The Court dismissed with prejudice the Title IX counts on November 22, 2017 and dismissed without prejudice Plaintiff's § 1983 counts with leave to amend (Doc. No. 35).

On December 13, 2017, Plaintiff filed a second amended complaint attempting to cure the

defects present in the first amended complaint (Doc. No. 39).   In Count III,[1] Plaintiff asserts a Fourteenth Amendment Equal Protection claim that she was treated differently from other similarly situated female students who filed a complaint under Title IX, in that she was accused of being complicit in the sexual conduct and suffered expulsion prior to any investigation.   Plaintiff further asserts that Defendants' failure to follow the requirements of Title IX and investigate the allegations support Plaintiff's claims that she was treated differently.

In Count IV, Plaintiff asserts a *Monell* claim against the school district.   There, she contends that the individual Defendants and Defendant Fitzgerald were state actors who violated her Fourteenth Amendment right to equal protection by failing to properly train and supervise school district employees as to mandated investigative requirements.   Plaintiff claims that she thoroughly and properly advised the school of the sexual assault, thereby constituting notice to the school.   She asserts that Defendants' continued accusations of her complicity in the sexual act constitute a persistent pattern of unconstitutional action.   As a result, Plaintiff claims she suffered emotional distress and psychological damage.

In their second motion to dismiss, Defendants[2] contend that Plaintiff again fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).   With regard to her equal protection claim, Defendants argue that Plaintiff's allegation that she was treated differently than a similarly situated female should have been treated is based on Plaintiff's subjective belief "of the way things ought to be."   They also argue that Plaintiff failed to name other females at the school who filed a

---

[1]    Plaintiff does not re-number the counts contained in her second amended complaint.   The Court will refer to the counts as they are numbered in the second amended complaint.

[2]    The second motion to dismiss was filed by the School District Defendants.   However, Defendant Fitzgerald joined their motion and adopted his previously-filed motion to dismiss.

complaint under Title IX and were treated differently. As to Count IV, Defendants argue that Plaintiff failed to plead notice and causation, as required to establish *Monell* liability. Specifically, Defendants contend that Plaintiff did not plead that Defendants had notice or knowledge of some violation to which they were deliberately indifferent or tacitly authorized. Moreover, Defendants claim that Plaintiff did not plead how this deliberate indifference or tacit authorization caused Plaintiff to suffer harm.

Lastly, Defendants argue that sovereign immunity applies to the allegations against the individual defendants in their official capacities, and qualified immunity applies to the allegations against the individual Defendants in their individual capacities.

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,' " meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.* at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). Ultimately, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

**DISCUSSION**

**I.        Violation of the Equal Protection Clause (Count III)**

To state a § 1983 claim, a plaintiff must plead "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). A school district may be considered a "person" for purposes of § 1983 liability. *Keckeisen v. Indep. Sch. Dist.*, 509 F.2d 1062, 1065 (8th Cir. 1975).

The Equal Protection Clause may serve as the constitutional provision violated for purposes of a § 1983 claim. *See Cox v. Sugg*, 484 F.3d 1062, 1066 (8th Cir. 2007). The Equal Protection Clause requires that government entities treat similarly situated persons alike. *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (citations omitted). To state a prima facie claim for violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that: (1) she is otherwise similarly situated to members of the unprotected class; (2) she was treated differently from members of the unprotected class; and (3) the defendant acted with discriminatory intent. *Greer v. Amesqua*, 212 F.3d 358, 370 (8th Cir. 2000).

Here, Plaintiff claims that she, a female victim of sexual assault, was treated differently when she filed her Title IX complaint from other females who file Title IX complaints, in that she, unlike other females, was accused of being complicit in the sexual conduct. This is not sufficient to state a violation of the Equal Protection Clause, as the other "similarly situated individuals" are members of the same protected (rather than unprotected) class. *C.f. Reed v. Reed*, 404 U.S. 71, 77 (1971) ("By providing dissimilar treatment for men and women who are thus similarly situated,

the challenged section violates the Equal Protection Clause."). Count III will be dismissed without prejudice.

## II. *Monell* Liability (Count IV)

A school district may be subject to § 1983 liability on the showing of a "policy or custom" of failing to act upon prior complaints of unconstitutional conduct, *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978), provided the unconstitutional conduct of the school district's employees was widespread and persistent, was met with deliberate indifference or tacit authorization of the school district's policymaking officials, and resulted in constitutional injury. *Thelma D. v. Board of Educ.*, 934 F.2d 929, 932–33 (8th Cir. 1991). In this case, there must be some evidence of unconstitutional misconduct or a custom of failing to act on complaints, thereby causing Plaintiff's harm. *See Bell v. Fowler*, 99 F.3d 262, 269 (8th Cir. 1996).

Here, Plaintiff claims that Defendants failed to investigate her complaint of sexual assault and failed to adequately train their employees regarding proper investigation procedures, and that these failures constituted a widespread pattern of unconstitutional misconduct in violation of her right to equal protection under the Fourteenth Amendment. However, as set forth in the previous section, the basis of Plaintiff's equal protection claim is that her complaint was treated differently from other similarly situated females. This does not constitute an equal protection violation.

Further, to assert a § 1983 claim for failure to train or failure to investigate, Plaintiff must have pled that the school district had notice that its methods of investigation or employee training were inadequate and likely to cause a constitutional violation. *See P.H. v. Sch. Dist. of Kansas City, Missouri*, 265 F.3d 653, 658–59 (8th Cir. 2001). Nowhere does Plaintiff so plead, and the failure to properly investigate Plaintiff's complaint of sexual assault cannot, by itself, constitute

prior notice necessary to establish *Monell* liability. Therefore, Count IV will be dismissed without prejudice.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the motions to dismiss filed by Defendants Francis Howell School District, Pam Sloan, Steve Griggs, Nancy Wade, William Vanderpool, Kathryn Greer, and Patrick Fitzgerald (Doc. Nos. 46 and 48) are **GRANTED**, and Plaintiff's action is **DISMISSED without prejudice.**

A separate Order of Dismissal accompanies this Memorandum and Order.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2018.